JAMES CHARLTON, COUNTY TREASURER, v. R. B. COUSINS.
STATE SUPERINTENDENT.

No. 2060.    Decided January 19, 1910.

**1.—Constitutional Law—Title of Statute.**

The law substituting a county depository (a bank paying interest on the deposit) for the county treasurer, as custodian of the school fund, by adding section 154a to the laws relating to public schools (Act of February 18, 1909, Laws 31st Leg., pp. 17, 22) was not invalid because not expressed in the title of the Act as required by the Constitution. (Art. 3, sec. 35). (P. 118).

**2.—Same.**

The Act of February 18, 1909, Laws of 31st Leg., p. 17, being for the purpose of putting into effect a constitutional amendment covering the entire provision for the *raising of funds for the support of public schools*, could properly provide, as a part of such purpose, for the safekeeping and application of such funds, and the designation in its title of the articles to be amended in the existing law and the article to be added thereto was as full and clear a statement in a brief and general form of such purpose, in the title of the Act, as could be required. (P. 118).

**3.—Constitutional Law—Officer—Corporation.**

The custody of the school fund is not an official duty, nothing in the Constitution requiring it to be kept by an officer, such as the Legislature would be without power to commit to a mere agent or employee, and such agent may be a banking company though a corporation could not hold public office. (P. 118).

**4.—National Bank—County Depository.**

A national bank, being authorized to receive deposits, may act as a county depository of school funds, and receive same under the regulations prescribed by the state law for the making of such deposits, as it could arrange the terms with any other depositor. Nothing in the regulation by the State of the terms on which its officers are authorized to make such deposits could be taken as an interference by the Legislature with the management of the bank. (Pp. 118, 119).

Original application to the Supreme Court for writ of mandamus against the State Superintendent of Public Instruction.

*George L. Charlton*, for relator.—That portion of section 154a which provides "that the term county treasurer and county treasury, as used in all provisions of law relating to school fund, shall hereafter be construed to mean the county depository" is void. Constitution, art. 3, sec. 35; art. 7, sec. 3. 26 Am. & Eng Ency. of Law, 589; Giddings v. San Antonio, 47 Texas, 586; Adams v. San Angelo County, 86 Texas, 487.

The county depository of Harris County, Texas, can not qualify as treasurer of the school fund of said county because it is a corporation. The treasurer of the school fund of a county is a State officer. Connor v. Zackry, 117 S. W., 177; Jernigan v. Finley, 90 Texas, 212; Travis County v. Journay, 91 Texas, 217; Sutton v. Kimbrough, 93 Texas, 310.

Although a county depository of funds of a county is not an officer, yet the additional duty conferred upon it by section 154a, of chap. 12, of the Gen. Laws, of the 31st Leg., results in its becoming one insofar as the school funds are concerned, it becoming thereby a State officer.

Acts of 31 Leg., art. 12, sec. 154a; Acts 31 Leg., second called session, chap. 17, sec. 5; Acts of 29th Leg., chapter 12, secs. 48, 49, 31, 34, 35, 40; Trustees v. Haas, 59 S. W., 830; Jernigan v. Finley, 90 Texas, 212; Connor v. Zackry, 117 S. W., 177.

The oath of office prescribed by the Constitution can only be taken by a natural person, and since all officers before entering upon the duties of their office must take this oath, all officers must be natural persons. Const., art. 16, sec. 1.

The duties of a treasurer of public monies are wholly different from those of a receiver of deposits; the liabilities are different and so is the relationship between a treasurer and the public different from that between a receiver of deposits and the depositor.

*Jewell P. Lightfoot,* Attorney-General, and *J. T. Sluder* and *Jno. W. Brady,* Assistants, for respondent.—No part of chapter 12 of the Acts of the regular session of the Thirty-first Legislature, and especially not that portion of section 154a of said chapter, is invalid and in violation of article 3, section 35 of the Constitution of Texas, because the said law contains but one subject which is expressed in its title. Missouri, K. & T. Ry. Co. of Texas v. State, 113 S. W., 916; Clark v. Commissioners, 54 Kan., 634; Missouri, K. & T. Ry. Co. of Texas v. State, 109 S. W., 867; Doeppenschmidt v. Railroad Co., 101 S. W., 1080; Johnson v. Martin, 75 Texas, 73; Snyder v. Compton, 87 Texas, 374; Railroad Co. v. Farmer, 84 S. W., 1054; Peavy v. Goss, 90 Texas, 89; Howth v. Greer, 90 S. W., 211; Davie v. Galveston Co., 45 Texas, 291; Stone v. Brown, 54 Texas, 343; Borden v. Trespalacios Rice & Irr. Co., 98 Texas, 494; Julian v. Model Assn., 116 Wis., 79; Bright v. McCullough, 27 Ind., 223; Brown v. State, 73 Ga., 38; Plum v. Christie, 103 Ga., 686.

A county depository, whether of the ordinary county funds or of the public school funds, is not within the meaning of our Constitution an officer. Chapter 164, General Laws, 29th Legislature; Chapter 12, General Laws, 31st Legislature; Colquitt v. Simpson, 72 Ga., 501; Constitution, art. 16, sec. 44.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The relator, as county treasurer of Harris County, seeks to compel the respondent, as State superintendent of public instruction, by mandamus, to issue to the relator a certificate showing the amount of money apportioned by the board of education to Harris County as its share of the available school fund. The respondent denies the right of relator to the certificate for the reason that the Act of the Thirty-first Legislature requires that it be issued to the county depository. (Laws 1909, p. 17, et seq.) Relator concedes the statute so requires but denies its validity.

The provision thus attacked is the proviso of section 154a (p. 22) "that the terms county treasurer and county treasury as used in all provisions of law relating to school funds shall hereafter be construed to mean the county depository," which has the effect, if valid, to substitute the depository for the treasurer as the one to receive the certificate in question.

The first contention is that the provision is not within the title of the Act, which is as follows:

"An Act putting into effect the Constitutional Amendment adopted by the people at the last general election, relating to public schools, by amending sections 50, 57, 58, 60, 61, 63, 65, 66, 76, 77, 78, 80, 81 and 154, and adding 154a of chapter 124 of the Acts of the Regular Session of the Twenty-ninth Legislature relating to school districts and school funds, repealing all laws and parts of laws in conflict herewith, and declaring an emergency."

The view of counsel seems to be that, as the Act is one· to put in force a constitutional amendment, its provisions must be confined to the points of difference between the amended and the amending provision, to those features of the new provision, in other words, which are changes from the old. But this is an inadmissible view for two reasons. First, the amendment consists of an entire provision which provides, among other things, for the raising of funds for the support of the public schools; and an Act intended for the putting of such a provision into practical operation may well contain provisions for the raising, safekeeping and application of such funds. Second, the title of the Act· does not stop with the language relied on but states that the putting in force is to be accomplished by the amendment of another Act relating to school districts and school funds. This is as full and clear a statement of the subject of the Act as could well be expected to be given in brief and general form, and those provisions concerning the custody of the funds are as proper to that subject as any in the statute.

The next contention is that the provision in question is invalid because, in substituting the depository for the treasurer in the exercise of the powers and performance of the duties .in relation to the school fund, it, in effect, constitutes the depository an officer, which can not be done consistently with the Constitution inasmuch as a county depository may be, and in this instance is, a corporation incompetent to hold office. The county treasurer is an officer, made such by the Constitution and laws, but it does not follow that the depository, in taking his place to perform the duties required in connection with the school fund, also becomes an officer. That depends on the .nature of those duties. There is nothing in the Constitution which requires that the school fund be kept in the custody, or under the management or control, of the county treasurer, or of any officer. (Art. 7, secs. 1 and 5; art. 16, sec. 44.) Any agent or employe such as the Legislature may provide for may be intrusted with the performance of the service as. well as an officer. When we look to the provisions of the law defining the services or duties formerly to be rendered by the treasurer, but now to be rendered by the depository in handling the school fund, we find that all are such as can be rendered by an agent or employe—that they are such as may properly be made incident to a mere depository of funds. They are too many and too lengthy to be inserted or discussed in detail and we merely state our conclusion.

It is also said that the statute allows national banks to become depositories, that the depository of Harris County is a national bank,

and that the assumption of the duties of the position are beyond its powers. Undoubtedly national banks may receive funds on deposit and may handle and must properly account for them. The provisions of the statutes under which these funds are to be received may be taken as the statement of the terms upon which the deposits may be made, which terms are accepted in the assumption of the relation. They are only such as look to the proper disbursement of and accounting for the monies deposited—such as a bank might make with any other depositor.

It may be true that the Legislature has not the power to prescribe rules to operate as laws to govern the management of the business of national banks, but it does not follow that the Legislature may not prescribe terms upon which its officers, charged with the administration of public affairs involving the management of public funds, may so deposit those funds as to make them yield a revenue and at the same time secure their safekeeping, their lawful disbursement and a proper accounting for them; and we do not see that this involves anything that national banks may not voluntarily undertake. Certainly nothing has been shown to justify this court in declaring the statute in question to be in conflict with any provision of the Constitution.

*Mandamus refused.*