HORTON v. ROCKWALL COUNTY et al.

(Court of Civil Appeals of Texas. Dallas. June 15, 1912.)

1. COUNTIES (§ 74*) — COUNTY TREASURER — —COMPENSATION—STATUTES—VALIDITY.

Under Const. art. 16, § 44, providing that the Legislature shall prescribe the duties of the county treasurer, who shall have such compensation as may be provided by law, the Legislature, notwithstanding Sayles' Ann. Civ. St. 1897, art. 2468, providing that such treasurers, for receiving available free school funds, shall be paid a compensation of one-half of 1 per cent. and a similar amount for disbursing the same, etc., had power to pass Acts 31st Leg. c. 12, transferring the custody of such funds to the county depositaries, thus relieving the county treasurers of any liability for such funds so deposited, and providing that no commissions shall thereafter be paid for receiving or disbursing the same.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 104–113; Dec. Dig. § 74.*]

2. STATUTES (§ 122*)—SUBJECT AND TITLE.

Acts 31st Leg. c. 12, is entitled, "An act putting into effect the constitutional amendment adopted by the people at the last general election relating to public schools by amending" specified sections and adding another section "of chapter 124 of the Acts of the Regular Session of the 29th Legislature, relating to school funds, repealing all laws and parts of laws in conflict therewith, and declaring an emergency." The amendment consists of an entire provision which, among other things, provides for the raising of funds for the support of the public schools, and for the safekeeping and application thereof. *Held*, that a provision that school funds should be deposited in county depositaries, and that no commission should thereafter be paid for receiving or disbursing the funds, was within the title of the act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 175; Dec. Dig. § 122.*]

Appeal from District Court, Rockwall County; F. L. Hawkins, Judge.

Action by Oscar Horton against Rockwall County and others. Judgment for defendants, and plaintiff appeals. Affirmed.

E. D. Foree and T. B. Ridgell, of Rockwall, for appellant. I. J. Austin, of Rockwall, A. H. Mount, of Royse City, and Geo. O. Wallace, of Dallas, for appellees.

RASBURY, J. This is an appeal from the action of the district court of Rockwall county in sustaining a general demurrer to the appellant's petition and dismissing his suit. Appellant alleged that he was the duly elected and qualified treasurer of Rockwall county, and as such the custodian of all county and school funds of said county; that during his term of office the commissioners' court of said county issued $25,000 of common school district bonds for common school district No. 2 of said county, and thereafter sold same for $25,631.01; that said commissioners also levied, and there was collected, certain taxes with which to pay the interest on said bonds, and provide a sinking fund therefor, and out of which, by direction of the commissioners, he paid certain sums of money

with which to meet certain accrued interest on the bonds; that he was entitled to receive a commission of 2½ per cent. for receiving and disbursing the money realized from the sale of said bonds as well as the money paid for interest thereon; that he presented to the commissioners' court his report showing the issuance and sale of said bonds, the levy and collection of said tax, and the payment of said interest, but that the commissioners' court refused to approve said report or to allow him his commissions. He sought judgment requiring the commissioners to approve his report and establishing his claim for fees and commissions and directing said court to pay same.

Appellant complains of the action of the court in holding that he had no right to collect his statutory fees from this fund, and urges that the general law providing for a complete system of public free schools passed at the regular session of the Twenty-Ninth Legislature (Acts 1905, c. 124), as amended by an act of the regular session of the Thirtieth Legislature (Acts 1907, c. 106), is void and unconstitutional because said amended act attempts to confer upon school trustees the authority to disburse school moneys, and because, if such authority existed in the Legislature, the captions of the original and amended acts do not confer or embrace such power, and, because common school funds are a county fund, the treasurer is the only officer entitled to receive same, and, having received (presumably) and disbursed same, he is entitled to his statutory fees. Appellees contend that the proceeds of the sale of the bonds of a common school district being a school fund, and the county depository being the legal custodian thereof, appellant is not entitled to fees for receiving and disbursing same, and that the county commissioners are without authority to allow same. The law enacted by the Twenty-Ninth Legislature creating a system for state, county, and city depositories (chapter 164, p. 387) provides, among other things, that after a county depository has been selected in the manner directed, and the bond demanded of such depository has been given, "thereupon it shall be the duty of the county treasurer * * * immediately to transfer to said depository all the funds belonging to said county." By said act it is also the duty and right of the treasurer to draw all checks against the county funds so deposited upon the presentation to him of warrants drawn by proper authority. For his protection it is also provided that he shall not be held responsible for any loss of the county funds through the failure or negligence of any depository selected under the act. In short, by said law, all county funds are withdrawn from his control and keeping, but his right to disburse the same is continued, and as a consequence he is probably entitled to collect his statutory fees as fixed by law or the commissioners' court. However, the regular session of the Thirty-First Leg-

islature (chapter 12, p. 17), under authority of a constitutional amendment, adopted by the people, passed an act amending an act of the Twenty-Ninth Legislature (chapter 124, p. 263), providing for a complete system of public free schools in Texas by which amendment the commissioners of each county in the state were authorized to subdivide their counties into convenient school districts, and were authorized after submitting same to the qualified voters of said district to issue schoolhouse bonds for building schoolhouses in such common school districts. When these bonds were sold, the proceeds, by section 77 thereof, were to "be placed in the county treasury to the credit of said school district, and the money shall be disbursed upon warrants issued by the trustees of said district, approved by the county superintendent in payment of accounts legally contracted in buying, building, equipping or repairing the schoolhouse or schoolhouses for such district or in the purchase of sites therefor." By section 69 of the original act (chapter 124, Acts 29th Leg. § 69) the trustees of school districts are made a body politic and corporate in law, and as such may contract, sue, and be sued, plead or be impleaded in any forum of competent jurisdiction, etc. Section 71 of the same act provides that these trustees shall manage the schools, employ teachers, subject to the rules of the county and state superintendents, approve all teachers' vouchers, and all other claims against the school fund of their district. Section 154a of the amendment (page 22, Laws 31st Leg.) provides, in relation to common school districts, that "all funds of such districts shall be kept in the county treasury and paid out on order of the trustees approved by the county superintendent, provided that the terms, county treasurer and county treasury, as used in all provisions of law relating to school funds shall hereafter be construed to mean the county depository," and that "the treasurer of the school funds shall be that person or corporation who offers satisfactory bond * * * and the best bid of interest * * * for the privilege of acting as such treasurer * * * provided that no commission shall hereafter be paid for receiving and disbursing school funds."

Viewed from the standpoint of these several enactments of the Legislature, it is clear that it has been for some time the policy of the state to withdraw from the control of the various county treasurers the money held by them in the past. The reasons which gave rise to such policy are clear from the terms of the law itself. Much of the money held by county treasurers lay idle, and afforded no source of income to the county, while under the depository law the bank, corporation, or person who offers the most interest on the average daily deposit is entitled to the county funds, and becomes the county depository. Such a course not only maintains and guards the

safety of the county funds, but affords a return on the same not possible under the old system. Pursuing this policy and for the purpose of further conserving and increasing the school funds particularly, the amendment to the public free school laws was passed, by which the management and control of the district schools were placed squarely in the hands of the school trustees, including the disbursement of all funds raised by the issuance of bonds for the purchase of sites and the building of schools, with the additional provision that on the funds raised for such school purposes no commission should be paid for receiving and disbursing same, for the obvious reason that since the safety of the fund was secured by the depository, and the labor and duty of disbursing it rested with the school trustees, it would be a needless expense and but curtail the school fund to pay an officer for receiving and disbursing same, when he was charged neither with its safe-keeping, nor liable for its loss or misappropriation.

[1] The contention of appellant that the law is unconstitutional for the reason that it authorizes the school trustees to disburse the fund is not tenable. Section 44 of article 16 of the Constitution, among other things, provides that "the Legislature shall prescribe the duties * * * of a county treasurer who * * * shall have such compensation as may be provided by law." Under the authority of this section of the Constitution, the Legislature directed that county treasurers shall receive commissions not to exceed 2½ per cent. on all moneys received and a like amount on all sums disbursed, etc. (article 2467, Sayles' Ann. Civ. Stats. 1897); that they shall be the treasurers of the available free school funds, and for receiving same shall be paid a commission of one-half of 1 per cent. and a similar amount for disbursing same, etc. (article 2468, Sayles' Ann. Civ. Stats. 1897). In passing it will be observed that at no time has the treasurer been entitled to receive more than one-half of 1 per cent. for receiving and disbursing the school fund, though 2½ per cent. is claimed by appellant. Thus the several enactments fixing compensation for county treasurers stood when the Thirty-First Legislature amended the law, and directed that thereafter county treasurers should receive no commissions for receiving and disbursing school funds, and that such funds thenceforth should be safeguarded under the provisions of the county depository law. It is too clear for dispute that under section 44 of article 16 of the Constitution the Legislature had the authority to fix the compensation of county treasurers, and, that being true, it is equally clear that the Legislature also had authority to increase or reduce or modify such compensation. If it is true, then, that the Legislature was authorized to require all county

funds kept in county depositories, and to deny the county treasurers any commissions for receiving and disbursing same, is appellant's contention that the law permitting the school trustees to disburse same unconstitutional? There is no express authority in the constitutional amendment under which the amendment to the public free school laws was enacted authorizing or denying the right of the Legislature to confer upon the school trustees the authority to disburse the funds arising from the sale of school bonds. Nor can we find anything in the Constitution that requires the school fund to be disbursed by the county treasurer to the exclusion of any other officer, agent, or employé in whom the authority to do so may be vested. The Legislature having the right to direct the safe-keeping and preservation of school funds by requiring them to be deposited with depositories, it would be an anomalous condition if it did not have the additional authority to invest some officer, agent, or employé with authority to disburse same. Our Supreme Court in the case of Charlton, County Treasurer, v. Cousins, State Superintendent, 103 Tex. 116, 124 S. W. 422, which was a suit attacking the constitutionality of the county depository act, said, among other things: "Any agent or employé such as the Legislature may provide for may be intrusted with the performance of the service as well as an officer. When we look to the provisions of the law defining the services or duties formerly to be rendered by the treasurer but now to be rendered by the depository, in handling the school fund, we find that all are such as can be rendered by an agent or employé." Certainly, then, if the handling of the county funds can be legally vested in the county depository, there are fewer reasons that can be urged against the right of the Legislature to confer authority upon school trustees to disburse their local school funds upon approval of the county school superintendent, and we conclude that that feature of the act is obnoxious to neither the Constitution nor laws of the state.

[2] The next contention is that the provision conferring powers of disbursement upon the school trustees is not within the title of the act, and hence unconstitutional. The provision is styled, "An act putting into effect the constitutional amendment adopted by the people at the last general election relating to public schools by amending sections 50, 57, 58, 60, 61, 63, 65, 66, 76, 77, 78, 80, 81 and 154, and adding 154a of chapter 124 of the acts of the regular session of the 29th Legislature relating to school funds, repealing all laws and parts of laws in conflict herewith and declaring an emergency." Acts 1909, c. 12. In passing upon this identical amendment, and in sustaining the sufficiency of the caption, our Supreme Court in Charlton v. Cousins, supra, said:

"The amendment consists of an entire provision, which provides, among other things, for the raising of funds for the support of the public schools, and an act intended for the putting of such a provision into practical operation may well contain provisions for the raising, safe-keeping and application of such funds"; also, that "the title of the act does not stop with the language relied on, but states that the putting in force is to be accomplished by the amendment of another act, relating to school districts and school funds. This is as full and clear a statement of the subject of the acts as could well be expected to be given in brief and general form, and those provisions concerning the custody of the funds are as proper to that subject as any in the statute." Under this construction, it follows that the provisions relating to the disbursement of the funds are included in like manner as is the "custody" thereof.

Finding no reversible error in the record, the judgment of the lower court is affirmed.